## RIGHTS OF ABUTTER WITH RESPECT TO STREETS VACATED.

Circuit Court of Cuyahoga County.

EMILIE BOHM v. JAMES T. KELLEY ET AL.

Decided, October 28, 1910.

*Streets—Vacation by Council—Rights of Abutters Therein Under Section 3729, General Code.*

The provisions of Section 3729, General Code, regarding the vacation of a street by a municipal council, that the right of way and easement in the street so vacated of any lot owner shall not be impaired, do not apply to streets the land for which has been appropriated by the municipality.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this appeal issue is joined by demurrer to the answer. The action is one for injunction against interference with plaintiff's alleged easement or right of way over a portion of defendant's land abutting on the south side of Lorain street in the city of Cleveland and situated in the acute angle formed by and lying east of the intersection of said street with Dennison avenue. Before 1899, Lorain street was 66 feet wide, and east of the land in question it was widened to 80 feet by appropriating 7 feet on each side of the street. This action left a jog of 7 feet on each side of the street, some three or four rods east of the said intersection of Lorain street and Dennison avenue. Plaintiff owns the triangular lot which abuts on both streets just east of their intersection, and defendant owns the lot next east of that, the said jog in Lorain street falling in the boundary line between them. Recently the city, by order of council duly made, vacated the small portion of Lorain street which had been taken from defendant's lot by eminent domain when the street was widened; and the defendants, assuming that this seven foot strip has thus reverted to them, are about to erect thereon a brick building flush with the old street line, as re-established by said vacation proceedings. But the east end of the strip in question is, by reason of the jog aforesaid, a part of plaintiff's west bound-

ary line.   Plaintiff, therefore, claims the rights of an abutter in respect to the portion of the street so vacated, and founds his action here upon the right defined by General Code, Section 3729:

"The order of the council vacating or narrowing a street or alley which has been dedicated to public use by the proprietor, shall, to the extent to which it is vacated or narrowed, operate as a revocation of the acceptance thereof by the council, but the right-of-way and easement therein of any lot owner shall not be impaired thereby."

It is manifest, however, that this section applies only to land in a street "which has been dedicated to public use by the proprietor" and not to that which has been appropriated to street purposes by exercise of the power of eminent domain.   In the latter case those injured by an order of council vacating so much of the street as had theretofore been appropriated, have no remedy against him to whom the land has all the while belonged subject only to the public easement which the order of vacation abrogated.

Petition  dismissed.